**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** UNITED STATES PATENT +
*(AVISO AL DEMANDADO):* TRADEMARK OFFICE, GODADDY
ROBERT RALPH "BOB" PARSON

**YOU ARE BEING SUED BY PLAINTIFF:** Kimberly Simmons
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 17 2018

F. Roa

MAY 18 2018

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: **Superior Court of California**
*(El nombre y dirección de la corte es):* **County of Riverside**
4050 Main St., (P.O. Box 431)
Riverside, CA 92502-0431

**CASE NUMBER:**
*(Número del Caso):*
**RIC 1809062**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kimberly Simmons  P.O. BOX 173  MORENO VALLEY, CA. 92556

DATE: 5/17/2018   MAY 17 2018     Clerk, by _____ , Deputy
*(Fecha)*                        *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT 1**

1

KIMBERLY SIMMONS
PO BOX 133
MORENO VALLEY CA 92556
(213) 322-9704

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
MAY 17 2018
F. Roa

THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

KIMBERLY SIMMONS,

Plaintiff,

vs.

UNITED STATES PATENT AND TRADEMARK OFFICE, ROBERT RALPH "BOB" PARSONS, AS AN INDIVIDUAL, GODADDY.COM

Defendant

Case No. RIC 1809062

CIVIL COMPLAINT FOR FRAUD
MEMORANDUM OF POINTS AND AUTHORITIES

MONETARY DAMAGES OVER $25,000.00

Dept -
Time -
Date -

Complaint

PLEASE TAKE NOTICE THAT ON _____ AT 8:30 AM IN DEPARTMENT ___ THERE IS A CASE CONFERENCE SCHEDULED FOR ALL DEFENDANTS AND PLAINTIFF. ALL PARTIES WILL BE GIVEN NOTICE OF THIS _____ COMPLAINT 30 DAYS PRIOR TO THE CONFERENCE DATE AND PROOF OF SERVICE BY MAIL IS TO BE FILED. Location of the Conference is 4050 Main Street Riverside Ca 92501.

STATEMENT OF FACTS I.

1. The United States Patent and Trademark Office is named as the Defendant in this proceeding, as is, Mr. Bob Parsons, a Employee of the (U.S.P.T.O) at the time of the fraudulent acts that constitute the claims in this case. Kimberly Simmons, the Plaintiff in the

CIVIL COMPLAINT FOR FRAUDMEMORANDUM OF POINTS AND
AUTHORITIESMONETARY DAMAGES OVER $25,000.00 - 1

**EXHIBIT 1**
**2**

Action will move the Court on the Defendants acts that have ultimately violated laws and rights involving Patent and trademark infringement and loyalty rights. In the month of June and July The Plaintiff called the (U.S.P.T.O) to set up a conference to discuss her ideas for patent and trademark assistance. When Ms. Simmons finally was able to get through to the office via phone she was connected to the Company directory service, this is a live answering system that gathers information from the caller to better direct the calls to the proper department for each caller's specific needs and requests. The Live operator was named Mr. Bob Parsons an associate or otherwise known as an employee of the company. The Plaintiff knows this information from the phone conversation with the operator whom clearly stated his name and position a representative of the U>S>P>T>M>O.

2. Defendant 2. Proceeded to ask the Plaintiff a series of questions to better direct her call. During the conversation Plaintiff was asked to give a brief explanation and example of the idea she wanted to get patented and of course would also need trademark information for the process to be done properly, and according to the laws pertaining to Patent and Trademark. As Defendant 2. Was gathering information from the Plaintiff he seemed to be intrigued by this idea and carried on with the conversation with Ms. Simmons for close to an hour about her business product/idea/service plans. Defendant 2. Informed the Plaintiff that he would have a representative call her back promptly so that they could better assist her with her need.

3. The day went on and the Plaintiff did not receive any contact of any kind from the (U.S.P.T.O). After a week still nothing from the Office about her recent call for information. The Plaintiffs attempts to contact the office were unsuccessful for several weeks. Finally getting through the busy signals and the run around about who Mr. Bob Parsons was when she mentioned her conversation they had she still was at ground zero with any progress for

CIVIL COMPLAINT FOR FRAUD MEMORANDUM OF POINTS AND AUTHORITIES MONETARY DAMAGES OVER $25,000.00 - 3

EXHIBIT 1
3

her ideas. She was forwarded to voicemails, transferred to the wrong department and was at a frustrating pointe of her attempts.

4. During this time period the Plaintiff began to get discouraged and had her own life struggles to deal with and time passed without results for her ideas/services. Still unsatisfied with the results that she didn't receive from the U.S.P.T.O the Plaintiff later discovered that her ideas had in fact been patented and the only person whom she shared this information with was Mr. Bob Parsons. She feels that he took her ideas and took it upon himself and patented and trademarked it and started the company Godaddy.com founded in

## MEMORANDUM OF POINTS AND AUTHORITIES II

In researching several avenues and seeking information on the U.S.P.T.O the Plaintiff found that after a few years she had told Defendant 2. Of her idea the office adopted a new guideline to follow regarding the personal information and ideas related to intellectual property and patent products/services for the office affiliates, associates and or employees as follows:

The United States Congress recognized a need to improve the quality of information disseminated to the public by the Federal Government. In Section 515 of the Treasury and General Government Appropriations Act for Fiscal Year 2001 (Public Law 106-554; H.R. 5658) Congress directed the Office of Management and Budget (OMB) to issue, by September 30, 2001, government-wide guidelines that "provide policy and procedural guidance to Federal agencies for ensuring and maximizing the quality, objectivity, utility, and integrity of information (including statistical information) disseminated by Federal agencies." OMB issued proposed information quality guidelines, which were published in the *Federal Register* on June 28, 2001 (Vol. 66, No. 125, pp. 34489-34493). After public comment and revision, OMB issued final information quality guidelines in the *Federal Register* on September 28, 2001 (Vol. 66, No. 189, pp. 49718-49725). In the OMB final information quality guidelines issued in September 2001, OMB requested additional public comment on the "capable of being substantially reproduced" standard and the related definition of "influential, scientific, or statistical information" (paragraphs V.3.B, V.9, and V.10), which were issued on an interim final basis. The OMB final information quality guidelines were published in the *Federal Register* on January 3, 2002 (Vol. 67, No. 2, pp. 369-378), corrected on February 5, 2002 (Vol. 67, No. 24, pg. 5365), and reprinted in their

CIVIL COMPLAINT FOR FRAUD/MEMORANDUM OF POINTS AND AUTHORITIES/MONETARY DAMAGES OVER $25,000.00 - 3

**EXHIBIT 1**

4

entirety February 22, 2002 (Vol. 67, No. 36, pp. 8451-8460). Federal agencies subject to the Paperwork Reduction Act (44 U.S.C. Chapter 35) were directed by OMB to (A) issue their own guidelines ensuring and maximizing the quality, objectivity, utility, and integrity of information (including statistical information) disseminated by the agency; (B) establish administrative mechanisms allowing affected persons to seek and obtain correction of information maintained and disseminated by the agency; (C) report periodically to the Director of OMB – (i) the number and nature of complaints received by the agency regarding the accuracy of information disseminated by the agency and; (ii) how such complaints were handled by the agency.

Pursuant to the OMB information quality guidelines, the USPTO published a *Federal Register* Notice of Availability on May 2, 2002 (Vol. 67, No.85, pg. 22052), requesting public comment on the "Proposed guidelines for ensuring and maximizing the quality, objectivity, utility, and integrity of information disseminated by the USPTO". The proposed USPTO information quality guidelines were posted on the USPTO website in the News & Notices section from April 30, 2002 – May 31, 2002.

## The definitions below are not from the OMB information quality guidelines, and apply throughout the USPTO information quality guidelines:

1. "**Affected person**" is any individual who uses, benefits from, or is harmed by the disseminated information at issue.
2. "**Business unit**" is a sub-organization of the USPTO responsible for carrying out specified substantive functions (i.e., program area).
3. "**General Information**" is a category of information that the USPTO maintains or disseminates. It includes anything that is not patent or trademark related.
4. "**Patents**" is a category of information that the USPTO maintains or disseminates. It includes patent applications, patent grants, and patent-related documents.
5. "**Person**" is an individual, partnership, corporation, association, public or private organization, or State or local government.
6. "**Pre-Dissemination Review**" is a process for reviewing the quality (including the objectivity, utility, and integrity) of information before it is disseminated.
7. "**Trademarks**" is a category of information that the USPTO maintains or disseminates. It includes trademark applications, registered trademarks, and trademark-related documents.

## Intent

The USPTO is fully committed to ensuring and maximizing the quality of information that it disseminates and fully supports the idea of basic information quality standards established in the Paperwork Reduction Act (44 U.S.C. Chapter 35) (PRA), in OMB Circular A-130, and in the OMB information quality guidelines. The USPTO will establish a basic standard of quality (including objectivity, utility, and integrity) as a performance goal by adopting the OMB information quality guidelines and will take appropriate steps to incorporate information quality criteria into agency information dissemination practices.

CIVIL COMPLAINT FOR FRAUDMEMORANDUM OF POINTS AND AUTHORITIESMONETARY DAMAGES OVER $25,000.00 - 4

**EXHIBIT 1**
5

The USPTO information quality guidelines are intended to improve the quality of the information disseminated by the USPTO to the public by formalizing the existing pre-dissemination review processes, and establishing a new administrative mechanism with a feedback loop, "allowing affected persons to seek and obtain correction of information maintained and disseminated by the agency". They are not intended to be, and should not be construed as, legally binding regulations or mandates. As such, these guidelines do not create any right or benefit, substantive or procedural, enforceable at law or equity, by any party against the United States, or the USPTO, to include its Director, employees, contractors, sub-contractors, grantees, or any person(s).

Historically, a variety of mechanisms for achieving basic information quality standards for patent and trademark information have been maintained at the USPTO. The information quality guidelines described in this document complement any pre-existing administrative mechanisms, guidelines, or procedures at the USPTO. All pre-existing administrative mechanisms, guidelines, and procedures for achieving information quality remain in place.

Specifically, for errors not covered by these guidelines, the USPTO has administrative mechanisms, guidelines, and procedures in place to correct or change patent applications, patent grants, trademark applications, and registered trademarks (some examples follow). Full details of the procedures are available in the Manual of Patent Examining Procedure (MPEP) and the Trademark Manual of Examining Procedure (TMEP) both available on the USPTO Website at: http://www.uspto.gov/web/offices/pac/mpep/index.html and http://www.uspto.gov/web/offices/tac/tmep/index.html

- ***Certificates of Correction*** (35 U.S.C. 254 and 255; 15 U.S.C. 1057). Certificates of Correction are used to correct typographical errors and misspellings in patent grants and trademark registrations but cannot be used to add new matter.
- ***Disclaimers*** (35 U.S.C. 253). The patentee may disclaim one or more claims of his/her patent by filing a disclaimer with the USPTO.
- ***Reissues*** (35 U.S.C. 251). If defects are found in the original patent, the patentee may apply for a reissue patent with proposed changes to correct these errors. Following an examination, a reissue patent may be granted to replace the original for the balance of the un-expired term. However, the nature of the changes that can be made by means of the reissue are rather limited, new matter cannot be added.

Additionally, a new procedure "allowing affected persons to seek and obtain correction of information maintained and disseminated by the agency" will be in place by October 1, 2002, and shall apply to information that is maintained or disseminated on or after October 1, 2002.

CIVIL COMPLAINT FOR FRAUDMEMORANDUM OF POINTS AND AUTHORITIESMONETARY DAMAGES OVER $25,000.00 - 5

**EXHIBIT 1**

6

## Scope
### USPTO specific exemptions:
The following types of information maintained or disseminated by the USPTO are not subject to the USPTO information quality guidelines or requests for correction:

1. Public Filings – The content of public filings and any errors in the documents as received are not within the scope of these guidelines. There are independent administrative or legal processes in place that permit correction of errors in these publicly filed documents. However, data entry errors or scanning errors committed by USPTO personnel or contractors that result in the substance of a public filing being inaccurately disseminated are subject to these guidelines. Public filings include but are not limited to:
   1. Patent Applications
   2. Patent Assignments
   3. Patent Petitions
   4. Trademark Applications
   5. Trademark Assignments
   6. Trademark Petitions
2. Adjudicative Processes – Documents developed as a result of adjudicative processes have independent legal significance and any errors in the documents themselves are not within the scope of these guidelines. There are independent administrative or legal processes in place that permit correction of errors in these adjudicative documents. However, data entry errors or scanning errors committed by USPTO personnel or contractors that result in the substance of an adjudicative document being inaccurately disseminated are subject to these guidelines. Adjudicative documents include but are not limited to:
   1. Patent Grants
   2. Registered Trademarks

### General exemptions
The following types of information maintained or disseminated by the USPTO are not subject to the USPTO information quality guidelines or requests for correction:

1. Information with distribution intended for government employees or USPTO contractors, sub-contractors, or grantees.
2. Information with distribution intended for intra- or inter-agency use or sharing of government information.
3. Responses to requests for USPTO records under the Freedom of Information Act (FOIA), the Privacy Act, the Federal Advisory Committee Act or other similar law.
4. Information from adjudicative processes, such as pleadings, including information developed during the conduct of any criminal or civil action or administrative enforcement action.

CIVIL COMPLAINT FOR FRAUD/MEMORANDUM OF POINTS AND AUTHORITIES/MONETARY DAMAGES OVER $25,000.00 - 6

EXHIBIT 1
7

investigation or audit against specific parties, or information distributed in documents for an administrative action determining the rights and liabilities of specific parties under applicable statutes and regulations.

5. Information with distribution intended as correspondence with individuals or persons, regardless of media, to include but not limited to: electronic mail (e-mail), facsimiles, U.S. Mail, Airmail, or overnight courier packages.

6. Press releases, press conferences, press materials or similar communications in any medium that announce, support the announcement, or give public notice of information the USPTO has disseminated elsewhere.

7. Subpoenas.

8. Solicitations (e.g., program announcements, vacancy announcements, requests for proposals).

9. Archival records or archival information disseminated by the USPTO before October 1, 2002, and still maintained by the USPTO as archival material. This includes Patent and Trademark Depository Library holdings.

10. Hyperlinks to information that others disseminate, as well as paper-based information from other sources referenced, but not approved or endorsed by the USPTO.

11. Policy manuals and management information produced for the internal management and operations of the USPTO, and not intended for public dissemination.

12. Information presented to Congress as part of legislative or oversight processes, such as testimony of USPTO officials, and information or drafting assistance provided to Congress in connection with proposed or pending legislation that is not simultaneously disseminated to the public. However, information that would otherwise be covered by applicable guidelines is not exempted from compliance merely because it is presented to Congress.

13. Documents not authored by the USPTO and not intended to represent the USPTO's views, including information authored and distributed by USPTO grantees, as long as the documents are not *disseminated* (see **Definitions** above) by the USPTO.

14. Research data, findings, reports and other materials published or otherwise distributed by USPTO employees, contractors, sub-contractors, or grantees that are identified as not representing the USPTO views.

PLEASE TAKE NOTE THAT, The above information was provided by the U.S.P.T.O. website directly and all its contents are as published on line without change or alteration.

CIVIL COMPLAINT FOR FRAUD/MEMORANDUM OF POINTS AND AUTHORITIES/MONETARY DAMAGES OVER $75,000.00 - 7

EXHIBIT 1
8

Case 5:19-cv-01841 Document 1-1 Filed 09/25/19 Page 9 of 12 Page ID #:12

Dated this [day] of [Month], [year].

Kimberly Simmons
[Name]

*Kimberly Simmons*

CIVIL COMPLAINT FOR FRAUD MEMORANDUM OF POINTS AND AUTHORITIES MONETARY DAMAGES OVER $25,000.00 - 9

**EXHIBIT 1**

9

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kimberly Simmons
P O Box 133 Moreno Valley, CA. 92556
TELEPHONE NO.: N(3)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main St. Riverside
CITY AND ZIP CODE: Riverside CA. 92501

CASE NAME: Kimberly Simmons

**CIVIL CASE COVER SHEET**
☑ Unlimited ☐ Limited
(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: RIC 1809062
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☑ Fraud (16)
☑ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary b.☐ nonmonetary; declaratory or injunctive relief c.☐ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/19/2018

Kimberly Simmons
(TYPE OR PRINT NAME)

▶ Kimberly Simmons
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT 1**
**10**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

**NOTICE OF DEPARTMENT ASSIGNMENT**

SIMMONS VS UNITED STATES PATENT

CASE NO. RIC1809062

This case is assigned to the HONORABLE Judge Daniel A Ottolia in Department 04 for Law and Motion purposes only.

The case is assigned to Honorable Judge John Vineyard in Department 1 for case management hearings (Case Management Conferences, Order to Show Causes, Status Conferences and Trial Setting Conferences) and trial assignment purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 pm on the court day immediately before the hearing at <http://riverside.courts.ca.gov/tentativerulings.shtml>. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties no later than 4:30 pm the court day before the hearing. If no request for oral argument is made by 4:30 pm, the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

**CERTIFICATE OF MAILING**

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 05/17/18

by: _____
FREDDY M ROA, Deputy Clerk

**EXHIBIT 1**
**11**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

## NOTICE OF CASE MANAGEMENT CONFERENCE

SIMMONS VS UNITED STATES PATENT

CASE NO. RIC1809062

The Case Conference is scheduled for 11/13/18 at 8:30 in Department 01.

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 05/17/18                            by: _____
                                          FREDDY MROA, Deputy Clerk

**EXHIBIT 1**
**12**